## Case No. 4,133.

In re DUNCAN et al.

[18 N. B. R. 42.] [1]

District Court, S. D. New York. June 8, 1878.

[For previous proceedings in the case, see Cases Nos. 4,131 and 4,132.]

F. N. Bangs, for bankrupts.

Field & Deyo and Howard Payson Wilde, for opposing creditors.

CHOATE, District Judge. Certain creditors having filed specification in opposition to a discharge, the bankrupts excepted, and upon the hearing of the exceptions the first and second specifications were held to be indefinite and vague in a certain particular, and leave was given to amend in this particular. The opposing creditors having filed amended specification containing more definite allegations in the parts thus directed to be amended, and differing from the original specifications only in those parts, the bankrupts have filed exceptions to the amended specifications, renewing some of the objections contained in their former exceptions, and containing some further objections, the objections now made relating to other parts of the specifications.

The amendments are in accordance with the order of the court. As to all the other objections raised by the exceptions, I think that they must be considered as already passed upon by the court, or as made too late. All objections to specifications should be raised by the exceptions first filed. So far as the exceptions now taken are the same as were taken before, the case was heard, and the order, having sustained the exceptions in certain respects, must be deemed to have disallowed them in all other respects. They cannot now be renewed. If the amendment allowed is in effect the making of a specification, substantially different from the former, the right to except thereto of course exists. But that is not this case. If this practice were not adhered to there would be no end of dilatory proceedings, and it works no practical injustice. The exceptions to the third specification were taken before, and must, therefore, be overruled.

Exceptions overruled. Case to stand for argument on the specifications, either party to have leave to take further testimony before the register upon notice.